NUMBER 13-05-579-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

STEPHEN L. RUSH, M.D., and

H. ZIS WEISBERG, M.D., Appellants,


v.
 


MICHAEL HONEYCUTT AND,

LISA MARIE HONEYCUTT, Appellees.

 


On appeal from the 28th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Opinion by Chief Justice Rogelio Valdez



 Appellants, Stephen L. Rush, M.D. and H. Zis Weisberg, M.D., appeal from the trial
court's judgment in favor of appellees, Michael and Lisa Honeycutt, in a medical
malpractice case. We reverse and remand this matter to the trial court for proceedings
consistent with this opinion.

I. Factual and Procedural Background


 Because the issues in this case are settled, the Texas Rules of Appellate Procedure
require us to "write a brief memorandum opinion no longer than necessary to advise the
parties of the court's decision and the basic reasons for it." See Tex. R. App. P. 47.4. 

 This is a medical malpractice suit regarding the issues of battery and informed
consent. Appellee, Lisa Honeycutt, underwent a surgery that she understood to be a
"laparoscopic exploration and left inguinal hernia repair" for abdominal pain. She signed
a disclosure and consent form for "laparoscopic exploration and left inguinal hernia repair." 
The form provided that "I (we) understand that my physician may discover other or different
conditions which require additional or different procedures than those planned. I (we)
authorize my physician, and such associates, technical assistants and other health care
providers to perform such other procedures which are advisable in their professional
judgment." 

 In the course of the surgery, the surgeon, Dr. Stephen Rush, found no hernia, but
found clubbing and distension of Honeycutt's fallopian tubes. He called Dr. H. Zis
Weisberg, Honeycutt's gynecologist, for a consultation. Dr. Weisberg instructed Dr. Rush
to remove portions of Honeycutt's right and left fallopian tubes. Dr. Rush did so. Both of
these physicians concede that there was no emergency that required the immediate
removal of Honeycutt's fallopian tubes. Following surgery, the pathologist found mild
endometriosis in the fallopian tubes. 

 Appellees sued Doctors Rush and Weisberg and others for removing Honeycutt's
fallopian tubes without her consent. The doctors moved for final summary judgment on all
of appellees' causes of action. Appellees filed a traditional motion for partial summary
judgment on their cause of action for battery. The trial court granted the doctors' motion
for summary judgment on all causes of action except battery, and granted appellees'
motion for summary judgment on that cause of action alone. The parties stipulated to
damages in the amount of $20,000 per doctor for purposes of finalizing the judgment. This
appeal ensued.

II. Standard of Review


 The standards of review applicable in the instant case are well-established. The
movant for traditional summary judgment must show that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). Once the movant
establishes its right to summary judgment as a matter of law, the burden shifts to the
non-movant to present evidence raising a genuine issue of material fact, thereby
precluding summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, we take as true
all evidence favorable to the non-movant, and we indulge every reasonable inference and
resolve any doubts in the non-movant's favor. Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 157 (Tex. 2004). When both sides move for summary judgment, and the trial
court grants one motion and denies the other, we review both parties' summary judgment
evidence and determine all questions presented. FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000).

III. Discussion


 Appellants contend that the trial court erred in granting appellees' motion for partial
summary judgment on the battery claim because: (1) the battery claim is not recognized
as a matter of law under Texas jurisprudence; (2) the battery claim is foreclosed as a
matter of law because appellees signed a written consent authorizing this medically
advisable procedure; (3) the battery claim is foreclosed as a matter of law because there
is no evidence that the appellants caused any harm; (4) the battery claim is foreclosed
because the appellees failed to offer any evidence of intent to harm or knowledge by the
appellants that the procedure would be found offensive or provocative by appellee, Lisa
Honeycutt, and, indeed, all the summary judgment evidence is to the contrary; (5) a
referring physician such as Dr. Weisberg would not have any liability for a battery cause
of action in this circumstance where he merely referred the patient and did not perform the
surgery; and (6) Dr. Weisberg cannot be made liable under a battery theory because no
such battery claim was pleaded against Dr. Weisberg. 

 We conclude that the Medical Liability and Insurance Improvement Act ("the Act") (1)
includes and addresses a claim for battery based on the failure to obtain informed consent;
the surgery performed on Honeycutt--the removal of portions of her fallopian
tubes--required express disclosure and consent; Honeycutt was harmed by the surgery;
and fact issues regarding whether or not Honeycutt consented to the surgery preclude
summary judgment. 

A. Battery and Medical Malpractice


 In their first issue, appellants contend that there is no battery cause of action as a
matter of law in medical malpractice cases. According to appellants, section 6.02 of article
4590i mandates a negligence standard, and recent Texas Supreme Court cases
mentioning a battery theory of liability are distinguishable. We disagree.

 The statutory cause of action for medical battery resulting from a procedure
performed in the absence of fully informed consent after disclosure of all of the risks
inherent in the procedure has been simplified by statute:

 In 1977, the legislature enacted the Medical Liability and Insurance
Improvement Act. Section 6.02 of the Act . . . replaces the common law
locality rule with a "reasonable person" rule. This reasonable person rule
focuses on the disclosure which would influence a reasonable person in
deciding whether to consent to a recommended medical procedure, rather
than the disclosures the doctors in a certain community deem material. As
a consequence . . . it is no longer necessary to introduce expert testimony
regarding the standard of care in a certain community. Furthermore, the
Texas Medical Disclosure Panel . . . will eliminate the need for expert
medical testimony regarding the materiality of the risk in most cases. The
panel is required to evaluate every medical and surgical procedure,
determine whether disclosure is required, and, if so, how much disclosure is
required . . . . Failure to disclose risks in medical procedures found on List
A will create a rebuttable presumption that the doctor was negligent.


Peterson v. Shields, 652 S.W.2d 929, 930-31 (Tex. 1983) (citations omitted, emphasis
added). 

 The Texas Supreme Court recently addressed a cause of action for battery in the
context of medical treatment in Miller v. HCA, Inc., 118 S.W.3d 758 (Tex. 2003), and
Murphy v. Russell, 167 S.W.3d 835 (Tex. 2005). In Miller, the court stated that "the
general rule in Texas is that a physician who provides treatment without consent commits
a battery." Miller, 118 S.W.3d at 767. In Murphy, the court stated that "[m]edical treatment
will not constitute a battery unless it is provided without the patient's consent." Murphy,
167 S.W.3d at 838. Appellants contend that these cases are distinguishable because they
concern instances where the patients were complaining of a complete lack of consent to
treatment rather than a lack of informed consent. We disagree. Based on Miller and 
Murphy, we conclude that a cause of action for battery exists under the Act in the form of
a cause of action for treatment without consent. See Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 6.02; see also Gomez v. Diaz, 57 S.W.3d 573, 581 (Tex. App.-Corpus Christi 2001, no
pet.) ("Cases regarding whether a patient effectively consented to a medical procedure are
expressly brought within the purview of the [Act]"). Accordingly, we overrule appellants'
first issue.

B. Informed Consent


 In their second issue, appellants argue that Honeycutt's cause of action for battery,
if any, was foreclosed by the fact that she signed the consent form for an exploratory
laparoscopy. According to appellants, the consent form authorized them to perform
medically advisable procedures, and the removal of the diseased fallopian tubes was
medically advisable.

 Under the Act, the Texas Medical Disclosure panel evaluates all medical and
surgical procedures, determines if disclosure of risks involved in the procedures is required,
and if so, determines how much disclosure is required. See id. § 6.04(a); Earle v. Ratliff,
998 S.W.2d 882, 891 (Tex. 1999); Dejean v. Wade, 44 S.W.3d 141, 144 (Tex.
App.-Houston [14th Dist.] 2001, pet. denied). If the procedure requires some disclosure
of the risks involved in the treatment, it is placed on List A of the Act. See Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 6.04; Earle, 998 S.W.2d at 891. However, if the Texas Medical
Disclosure panel determines that no disclosure is required, the procedure is placed on List
B of the Act. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 6.04; Earle, 998 S.W.2d at 891. 
Advising a patient of risks in compliance with the statute's required disclosure creates a
rebuttable presumption that the physician was not negligent. Tex. Rev. Civ. Stat. Ann. art.
4590i, § 6.07(a)(1); Knoll v. Neblett, 966 S.W.2d 622, 628 (Tex. App.-Houston [14th Dist.]
1998, pet. denied). On the other hand, failure to disclose, when required, creates a
rebuttable presumption that the doctor was negligent. Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 6.07(a)(2); Knoll, 966 S.W.2d at 628. 

 In the instant case, "all fallopian tube and ovarian surgery with or without
hysterectomy, including removal and lysis of adhesions" is a List A procedure, and
accordingly, disclosure and consent was specifically required by statute. Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 6.07(a)(2); Earle, 998 S.W.2d at 891; Knoll, 966 S.W.2d at 628. 
The concept that an "advisability" clause, allowing surgery for "such other procedures
which are advisable" in the doctors' professional judgment, could obviate the necessity for
express disclosure and consent directly conflicts with the mandatory disclosure and
consent requirements established by statute for List A surgeries. The consent form at issue
wholly failed to address or include the required disclosures pertaining to fallopian tube
surgery and failed to indicate Honeycutt's consent to treatment. Accordingly, there is a
rebuttable presumption in this case that the doctors were negligent. Peterson, 652 S.W.2d
at 930-31. Appellants' second issue is overruled. 

C. Evidence of Harm


 In their third issue, appellants contend that if a battery cause of action is available,
a successful plaintiff must show causation of harm. They argue that Honeycutt cannot
show harm because the procedure was medically advisable and no harm resulted to
Honeycutt. 

 With regard to appellants' allegation that there is no evidence that the medical
procedure performed was a proximate cause of injury to Honeycutt, we disagree with
appellants' assertion that Honeycutt's allegedly pre-existing diminished fertility leads to the
conclusion that she suffered no harm from the unauthorized amputation of her fallopian
tubes. Legally compensable injuries include any "damage or harm to the physical structure
of the body and such diseases or infection as naturally result therefrom, or the incitement,
acceleration, or aggravation of any disease, infirmity, or condition, previously or
subsequently existing, by reason of such damage or harm." Weidner v. Sanchez, 14
S.W.3d 353, 368 (Tex. App.-Houston [14th Dist.] 2000, no pet.). If appellants' exceedingly
narrow understanding of a legally compensable injury was correct, there would be no
action for any harm to a person's tonsils, appendix, or other largely vestigial organs. 
Furthermore, there would be no cause of action for the amputation of a paralyzed person's
legs, and no action for the harm to a not-yet-viable fetus. None of these results is correct
under Texas law, and appellants' disregard for the amputation of Honeycutt's fallopian
tubes is equally incorrect. See id. In short, proof that the harm impaired an otherwise
useful and perfectly functioning organ is not a necessary element of an informed consent
cause of action in the context of medical treatment. We overrule appellants' third issue.

D. Intent to Harm


 In their fourth issue, appellants argue that Honeycutt has failed to offer any evidence
of intent to harm or reasonable knowledge on the part of appellants that Honeycutt would
find the removal of her fallopian tubes offensive or provocative.

 The only authority provided by appellants for the proposition that a battery cause of
action requires intentional or knowing conduct is the Texas Penal Code. See Tex. Pen.
Code Ann. § 22.01 (Vernon Supp. 2006). However, under the Act and relevant law, intent
to harm is not a required element for a cause of action for battery in a medical malpractice
case. Murphy, 167 S.W.3d at 838; Miller, 118 S.W.3d at 767. 

 In connection with this issue, appellants contend that Honeycutt was aware of and
discussed the possibility of surgery on her feminine organs. Honeycutt vigorously denies
this. This dispute creates a genuine issue of material fact precluding summary judgment. 
City of Houston, 589 S.W.2d at 678-79. 

 Appellants' fourth issue is overruled.

E. Referring Physician


 In their fifth issue, appellants argue that a referring physician such as Dr. Weisberg
does not have a duty to obtain a patient's informed consent and cannot be liable for battery
because he did not perform the surgery. We conclude that the summary judgment
evidence raises a question of material fact regarding Dr. Weisberg's participation in the
surgery at issue. The duty which devolves upon an assisting or referring physician to
conform with the requirements of the informed consent doctrine is an unclear area of law. 
See Binur v. Jacobo, 135 S.W.3d 646, 657 (Tex. 2004) ("We do not reach or consider any
of the court of appeals' determinations regarding assisting and 'operating' surgeons or the
duty to obtain informed consent because of our disposition of other issues raised by the
parties."); McMillin v. L.D.L.R., 645 S.W.2d 836, 841 (Tex. App.-Corpus Christi 1982, writ
ref'd n.r.e.). However, given the testimony and evidence regarding Dr. Weisberg's role
during the surgery, a factfinder could determine that Dr. Weisberg, although a
non-surgeon, directed and controlled the surgery at issue, thus resulting in a duty to
exercise reasonable care. Colonial Sav. Ass'n v. Taylor, 544 S.W.2d 116, 119 (Tex. 1976);
Kimber v. Sideris, 8 S.W.3d 672, 678 (Tex. App.-Amarillo 1999, no pet.). In fact, the
summary judgment evidence in the instant case indicates that Dr. Weisberg made the
determination to remove portions of Honeycutt's fallopian tubes and so instructed Dr.
Rush. Accordingly, based on the summary judgment evidence pertaining to Dr. Weisberg's
actions in this case, we conclude that there is a genuine issue of material fact that
precludes summary judgment in favor of Dr. Weisberg. We overrule appellants' fifth issue.

F. Pleadings


 In their sixth issue, appellants argue that Dr. Weisberg canot be liable for a battery
cause of action because Honeycutt never pleaded such a cause of action against him.

 Rules 45 and 47 require that pleadings give a short statement of the cause of
action sufficient to give the opposing party fair notice of the claim involved. Tex. R. Civ. P.
45, 47; Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217 (Tex. 2004). "A court
should uphold the petition as to a cause of action that may be reasonably inferred from
what is specifically stated . . . ." Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993). 

 Based on our review of the pleadings at issue, a cause of action for battery, or lack
of informed consent, was adequately pleaded against Dr. Weisberg. The appellees'
petition specifically states that Dr. Rush, "after consulting with and obtaining the specific
direction [of Dr. Weisberg], removed both of [Honeycutt's] fallopian tubes, even though
neither physician had obtained the informed permission or consent for the surgical removal
of these organs . . . The unauthorized surgery by [Doctors Rush and Weisberg], removing
Plaintiff's fallopian tubes rendered [Honeycutt] permanently impaired and infertile." 
Appellants' sixth issue is overruled.

IV. Conclusion


 Reviewing both parties' summary judgment evidence and determining all questions
presented, we conclude that appellees presented a viable cause of action for informed
consent and raised issues of material fact regarding that cause of action. FM Props.
Operating Co., 22 S.W.3d at 872. To the extent that the trial court's decision foreclosed
this viable cause of action, we reverse and remand this matter to the trial court for further
proceedings consistent with this opinion.


 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 14th day of June, 2007.

 
1. The Medical Liability and Insurance Improvement Act is now codified in Chapter 74 of the Texas Civil
Practice and Remedies Code. Act of June 2, 2003, 78th Leg. R.S., ch. 204, 2003 Tex. Gen Laws 847
(subsequently codified at Tex. Civ. Prac. & Rem. Code Ann. § 74.101 (Vernon 2005). However, the prior
statute, Texas Revised Civil Statues article 4590i, continues to govern this case and all citations will be to that
statute.